IN THE MATTER OF THE APPLICATION FOR A WRIT OF HABEAS CORPUS OF AUGUST R. NEWMAN, JR., PETITIONER, *v.* W. J. ESTELLE, JR., AS WARDEN OF THE MONTANA STATE PRISON AT DEER LODGE, MONTANA, RESPONDENT.

No. 12062.
Decided March 3, 1971.
484 P.2d 276

MR. JUSTICE DALY did not participate.

August R. Newman, Jr., pro se.

## MEMO OPINION

PER CURIAM:

This is a petition for a writ of habeas corpus filed by August R. Newman, Jr., an inmate of the Montana state prison.

Prior to this petition and on or about the 4th day of June, 1970, petitioner appeared before the Honorable R. J. Nelson, with counsel, in response to a petition to revoke a previously imposed deferred sentence. Petitioner had been charged one year prior on June 16, 1969, in a two count information with the crimes of (1) assault in the second degree and (2) attempted rape. On July 30, 1969, petitioner plead guilty to the above two counts and Judge Nelson deferred imposition of sentence and placed him on a two year probation, noting that at that time petitioner had no prior record.

Less than one year later, on February 14, 1970, while enjoying the privileges of the probation petitioner shot a Great Falls policeman and was charged with a first degree assault. It was this act of shooting a policeman and other charges of violation of his probation, including six NSF checks, that led to petitioner's appearance before Judge Nelson on June 4, 1970 for revocation of probation.

The record of the District Court dated June 4, 1970 shows the petitioner in court with his counsel, Mr. Aiken; that a psychiatric evaluation report was considered; that a hearing was had; and, that petitioner was found in violation of the terms of his probation and he was sentenced to a term of six years in the Montana state prison for the offense committed June 16, 1969.

The following day the petitioner entered a plea of guilty to second degree assault (the charge having been reduced) and he also plead guilty to the hereinbefore mentioned second degree case as a prior conviction of a felony and was thereupon sen-

tenced to thirty years, sentence to run concurrent with the previously imposed six years.

Prior to this petition no appeal was taken from the action of the District Court. However, petitioner did appear before the Sentence Review Division on March 12, 1971. The three judge board heard and made no recommendation of change of sentence.

Petitioner alleges that his sentence of six years on the deferred sentence charge is void in that (1) section 95-1506(d), R.C.M. 1947, is unconstitutional and invalid in that its provisions violate the constitution of the state of Montana and the Constitution of the United States in that he was denied a right of jury trial; (2) that the above section, giving judges authority to consider and determine the validity of prior convictions, without any determination by a jury, is unconstitutional, in addition, petitioner alleges he had inadequate notice of the state's intention to seek an increase of sentence under a prior conviction charge; (3) that the prior conviction relied upon by the state, and under which petitioner's punishment was increased was not a valid final conviction that could be used for that purpose.

We find no merit to petitioner's argument. Here the question presented by the petitioner's habeas corpus is not his guilt or innocence of the charges—indeed that fact seems irrelevant. To the contrary the petitioner directs his attack to the arraignment and plea stage of his processing.

The constitutionality of statutes that enhance the penalty for second or subsequent offenses has long been held constitutional 58 A.L.R. 20; 82 A.L.R. 345; 116 A.L.R. 209; 132 A.L.R. 91 and 139 A.L.R. 673. The fact that under our criminal law procedure act this information is considered only by the trial judge after conviction or a guilty plea, makes it no less constitutional, for it is considered only in determining the possible sentence that can be imposed. In this case there has never been a jury question involved, for, from the time of the original second degree and attempted rape charge of 1969, the petitioner and his counsel have availed themselves of the plea of guilty. The

effect of this procedure reduced the original charges and in the first case petitioner benefitted by receiving a deferred sentence.

We find that the trial judge did not err in revoking the two year probation and increasing the sentence to six years after the hearing.

Section 95-2206, R.C.M.1947, in pertinent part provides:

*"Sentence.* Whenever any person has been found guilty of a crime or offense upon a verdict or plea the court may impose any of the following sentences:

"* * *

"Any judge who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under this section, or his successor, is authorized thereafter, in his discretion, during the period of such suspended sentence or deferred imposition of sentence to revoke such suspension or impose sentence and order such person committed, or may, in his discretion, order the prisoner placed under the jurisdiction of the state board of pardons as provided by law, or retain such jurisdiction with this court. Prior to the revocation of an order suspending or deferring the imposition of sentence, the person affected shall be given a hearing."

The effect of this order of a deferred sentence, is that had the petitioner not violated the provisions of the deferred sentence there would have been no sentence. It is an act of grace given the trial court and a chance for the recipient to keep his record clear. However, when the terms of a deferred sentence given by the trial court are violated and there has been a revocation the petitioner stands before the sentencing judge as he did at the time of the original order. At that time he could have been sentenced to not less than one nor more than six years. The trial judge gave him six years on the first second degree assault and provided that the thirty year sentence would run concurrent with the six year sentence. We find no error.

Petitioner was before the trial court with counsel after a petition had been filed for revocation of the deferred imposition of sentence on March 17, 1970, showing violation of the

terms of the probation. No request was made either by petitioner or counsel for any additional time, to wit, the three days' notice as provided for by section 95-1506, R.C.M.1947. In fact the record discloses that several months had passed from the first appearance before the court on the revocation of the probation March 17, 1970, the imposition of the six year sentence on June 4, 1970, and at the time of the sentencing on June 4, the petitioner affirmatively stated there was no legal cause why sentence should not be pronounced at that time.

The record clearly indicates that the petitioner, after being fully informed of his rights and the possible sentence chose to plead guilty to second degree assault with a prior conviction.

The petition is denied and the proceedings ordered dismissed.

MR. JUSTICE DALY, deeming himself disqualified, did not participate in this cause.

Supreme Court of the United States denied writ of certorari in above case on November 22, 1971.