No. 95-035

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Plaintiff & Respondent,

  v.

THOMAS G. RICE,

     Defendant & Appellant.

**FILED**

JAN 30 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Deer Lodge,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jeffrey T. Renz, Montana Defender Project, Missoula,
        Montana

    For Respondent:

        Joseph P. Mazurek, Attorney General, Micheal S.
        Wellenstein, Assistant Attorney General, Helena,
        Montana; Edward Beaudette, Anaconda-Deer Lodge
        County Attorney, Anaconda, Montana

---

Submitted on Briefs: November 16, 1995

Decided: January 30, 1996

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

The Third Judicial District Court, Deer Lodge County, found Appellant Thomas G. Rice (Rice) guilty of burglary and domestic abuse and imposed a three-year sentence with all but 90 days deferred, subject to certain conditions. Rice failed to abide by those conditions, and the court consequently revoked the deferred sentence and sentenced him to ten years in prison, with nine years suspended. Rice appeals the validity of his burglary conviction.

Appeal dismissed.

The dispositive issue on appeal is: When does a criminal defendant's time of appeal begin to run if the defendant receives a deferred sentence?

On August 1, 1993, Rice assaulted the woman with whom he lived; she then fled to her mother's house and reported the incident to the police. After being examined and treated at the hospital, the victim returned to her mother's house. Sometime later, Rice entered the mother's house and assaulted the victim again. He was arrested shortly thereafter.

Following a December 1993 bench trial, the District Court found Rice guilty of burglary and domestic abuse. On June 8, 1994, the District Court sentenced Rice to three years with all but 90 days deferred, subject to certain conditions.

On October 12, 1994, the State moved to revoke Rice's deferred sentence for failure to abide by the conditions set out by the District Court. On November 23, 1994, the District Court revoked

2

the deferred sentence and sentenced Rice to ten years in prison, with nine years suspended.

Rice appeals the validity of his burglary conviction, contending that the District Court abused its discretion by finding him guilty of that charge. The State contends this Court lacks jurisdiction to hear the appeal because the time in which Rice may appeal has expired. It therefore contends that Rice no longer has the right to appeal the underlying burglary conviction, and that his right to appeal is limited to the revocation of his deferred sentence.

Rice contends that the time in which he may file an appeal did not begin to run until sentence was actually imposed, which he argues occurred after revocation. If Rice is correct, his appeal is timely. If the State is correct, Rice's appeal is not timely and this Court does not have jurisdiction to consider it. We hold that Rice's appeal is not timely, and therefore this Court has no jurisdiction to hear his appeal.

Rule 5(b), M.R.App.P., gives a defendant 60 days in which to appeal a criminal judgment. This Court is without jurisdiction to hear an appeal filed more than 60 days after judgment. State v. Haskins (1992), 255 Mont. 202, 841 P.2d 542. Further, "an appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104(1), MCA. Therefore, the 60 days in which a defendant may appeal do not begin to run until such time as a final judgment is entered in the case.

3

A judgment is "an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." Section 46-1-202(10), MCA. Section 46-18-201, MCA, allows a court to "defer imposition of sentence . . . [and] impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition." Section 46-18-201(1)(a), MCA.

In light of the above statutes and definitions, Rice asserts that the time in which he may properly appeal the burglary conviction has not expired. He notes that he may only appeal a final conviction, and that a conviction is not final until sentence is imposed. He contends that a deferred sentence is not "imposed" unless and until the deferral is revoked. Therefore, Rice argues, the 60 days in which he may appeal his conviction began at the time the deferral was revoked and sentence actually imposed. Since he appealed within this time, he contends that this Court retains jurisdiction.

Rice urges this Court to interpret "sentence" as synonymous with "punishment," and we acknowledge that such an interpretation formerly was correct. Before 1990, the Montana Code Annotated defined "sentence" as "the punishment imposed on the defendant by the court." Section 46-1-201(9), MCA (1989). This is consistent with Montana case law before 1991, which accepted "sentence" as being the same as "punishment." See Newman v. Estelle (1971), 156

4

Mont. 502, 484 P.2d 276; and Petition of Williams (1965), 145 Mont. 45, 399 P.2d 732.

However, § 46-1-202(24), MCA, enacted in 1991, defines "sentence" as "the judicial disposition of a criminal proceeding upon a plea, verdict, or finding of guilty." Under this new definition, any judicial disposition of a criminal case resulting from a plea, verdict or finding of guilt is itself a sentence, regardless of whether actual punishment is deferred or immediately imposed.

Thus, when the District Court entered its order deferring imposition of sentence under § 46-18-201(1)(a), MCA, pursuant to Rice's guilty plea, it sentenced him by judicially disposing of the criminal proceeding at issue. While Rice would have us equate a criminal "sentence" with imprisonment or probation upon suspension of sentence, the plain language of § 46-1-202(24), MCA, neither mandates nor suggests such a narrow interpretation. Sentencing can and does encompass imprisonment or a suspended sentence, but the term is no longer strictly premised on the element of actual punishment.

This does not mean, however, that we overrule Williams and Estelle. While "sentence" may be interpreted broadly pursuant to § 46-1-202(24), MCA, in deferment cases such as the one at bar, it continues to retain a narrower meaning, premised on the "punishment factor," in double jeopardy cases. On this basis, Williams and Estelle are distinguishable.

Williams and Estelle both address the question of whether a deferred sentence is a "final sentence" for purposes of invoking the constitutional prohibition against double jeopardy. In both

5

cases, this Court held that a deferred sentence is <u>not</u> final for purposes of double jeopardy because no punishment was imposed unless and until the deferred sentence was revoked. <u>Williams</u>, 399 P.2d at 737; <u>Estelle</u>, 484 P.2d at 278.

Accordingly, these two cases stand for the principle that a deferred imposition of sentence is not imprisonment or punishment in the constitutional sense of jeopardy, even if the deferred sentence includes probation conditions which require the service of some jail time. This is an entirely different issue than the question of whether a deferred sentence is final for purposes of appeal. Therefore, our narrow holding in this case should not be construed to overrule <u>Williams</u>, <u>Estelle</u>, or their progeny.

A defendant has sixty days in which to appeal a final judgment. Rule 5(b), M.R.App.P. A final judgment includes a sentence. Statutorily, a sentence is any judicial disposition of a criminal proceeding by plea, verdict, or finding of guilt. Section 46-1-202(24), MCA. Therefore, a judgment which includes a deferred sentence is final for purposes of appeal.

Rice had sixty days from the date judgment was entered in which to appeal his burglary conviction. Because he failed to file an appeal within the time allotted, this Court has no jurisdiction to hear his appeal.

The appeal is dismissed.

_____
Justice

We Concur:

_____
Chief Justice

6



Justices

7