No. 98-589

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 215

295 Mont. 520

986 P.2d 403

GABRIEL PETER INGERSOLL,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeffrey T. Renz and Jolie Shively, Criminal Defense Clinic,

Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General, Helena, Montana

George H. Corn, Ravalli County Attorney, Hamilton, Montana

---

Submitted on Briefs: August 5, 1999

Decided: September 14, 1999

Filed:

_____

Clerk


Justice W. William Leaphart delivered the Opinion of the Court.


1. ¶On October 16, 1991, the Ravalli County Attorney filed an information in the Fourth Judicial District Court, Ravalli County, charging Gabriel Ingersoll (Ingersoll) with the following offenses: (1) possession of explosives, a felony; (2) criminal mischief, a felony; (3) three counts of criminal mischief, a misdemeanor; and (4) theft, a misdemeanor.

2. ¶On February 14, 1992, the court issued its sentence and judgment, finding Ingersoll guilty of the charged offenses and deferring imposition of sentence three years each for possession of explosives, a felony, and criminal mischief, a felony, with the two deferred sentences to run consecutively for a total of six years. The court also deferred sentencing for six months for each of the four misdemeanor charges, to run consecutively for a total of twenty-four months, all of which were to run concurrently with the six-year deferred felony sentences. The court attached several conditions to the deferred sentences, including, among others, the requirement that Ingersoll pay $431.16 in restitution, a $70 surcharge fee, and $625.50 for the cost of his public defender.

3. ¶On July 27, 1995, the Ravalli County Attorney filed a petition for revocation of deferred sentence, alleging that Ingersoll had violated several conditions of his probation. Ingersoll admitted to the allegations in the petition for revocation. On December 6, 1995, after a hearing, the District Court found that Ingersoll violated the terms and conditions of his probation and revoked his deferred sentences. The court then sentenced Ingersoll to ten years on each of the felonies and six months on each of the misdemeanors, all to be served concurrently.

4. ¶Ingersoll subsequently applied to the Sentence Review Division of the Supreme Court of Montana for review of his sentence. The Sentence Review Division unanimously affirmed Ingersoll's sentence.

5. ¶Ingersoll filed a petition for postconviction relief, arguing that the District Court lacked statutory authority to impose either consecutive deferred imposition of

sentences or to defer imposition of his sentence in excess of three years. In ruling on Ingersoll's petition for postconviction relief, the District Court concluded it did not have jurisdiction to revoke the deferred sentences for the four misdemeanor offenses and for the offense of possession of explosives, a felony, because those deferred sentences had already expired after three years. Accordingly, the court found that the revocation of those sentences was null and void.

6. ¶The court further concluded that because Ingersoll had a financial obligation imposed as a condition of his deferred sentences, it had statutory authority under § 46-18-201(2), MCA (1989), to order the three-year deferred sentences on the two felonies to run consecutively for a total of six years. Therefore, the court concluded it had jurisdiction to revoke Ingersoll's sentence on the second felony, criminal mischief. The court recognized that, by statutory definition, a consecutive sentence does not begin to run until the sentence to which it is consecutive has been satisfied. The court therefore reasoned that Ingersoll's second deferred sentence for criminal mischief did not start to run until the first deferred sentence for possession of explosives expired three years after entry of the sentence and judgment, approximately five and one-half months prior to the State's filing its petition to revoke Ingersoll's deferred sentences. Accordingly, the court found that the revocation of the deferred sentence for criminal mischief as well as the court's imposition of sentence on that conviction was valid and enforceable.

7. ¶Ingersoll filed a notice of appeal from the District Court's order denying his petition for postconviction relief.

## QUESTION PRESENTED

1. ¶Did the District Court have authority to defer sentencing for Ingersoll's felony conviction for criminal mischief for a period not exceeding six years?

## DISCUSSION

1. ¶The scope of a district court's authority to defer imposition of sentence presents a legal issue. We review a district court's conclusions of law to determine whether the court interpreted the law correctly. *See* Delaware v. K-Decorators, Inc., 1999 MT 13, ¶ 27, 973 P.2d 818, ¶ 27, 56 St.Rep. 52, ¶ 27 (citations omitted).

2. ¶Ingersoll argues that a district court must have specific statutory authority in order

to impose a sentence or any condition of sentence, relying on State v. Nelson, 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133,¶ 24. He contends that the District Court's authority to defer imposition of sentence is found in § 46-18-201, MCA (1989), and that that statutory provision does not authorize the court to run deferred imposition of sentences consecutively nor to aggregate deferred impositions for up to a total of six years.

3. ¶The State contends that § 46-18-201, MCA (1989), allowed the District Court to defer imposition of sentence for a felony for a period not exceeding three years; and that under subsection (2), if any financial obligation is imposed as a condition of any felony sentence, the sentence may be deferred for a period not exceeding six years. Thus, the State argues that since a financial obligation was imposed as a condition of sentence, the District Court had authority under subsection (2) to defer sentencing for the criminal mischief conviction for a total of six years.

4. ¶We agree with the argument advanced by the State. Here, the court required Ingersoll to pay over $1,000 in restitution, surcharge fees, and repayment of attorney's fees. Imposition of these financial obligations triggered the application of subsection (2) of § 46-18-201, MCA (1989). Although the statute did not speak in terms of having deferred imposition of sentences run consecutively, it did authorize deferring imposition of a felony sentence involving financial obligations for up to six years. Whether the district court (1) defers imposition of the felony for six years, or (2) defers it for three years--to run consecutively after expiration of a three-year deferred sentence on another charge--makes no difference. In either case, the district court would have authority to act on a petition to revoke filed some three years, five months after entry of the judgment on February 14, 1992. We uphold the decision of a district court, if correct, regardless of the lower court's reasoning in reaching its decision. *See* State v. Hagen (1994), 265 Mont. 31, 36, 873 P.2d 1385, 1388-89.

5. ¶Furthermore, as the State points out, the fact that the court deferred each of the two felony sentences for three years, to run consecutively, instead of ordering two six-year sentences to run concurrently, inured to Ingersoll's benefit when his deferred sentence was revoked in November of 1995. As a result of this sentence structuring, the deferment on the possession of explosives charge had expired after three years, and he was then only subject to one felony conviction (criminal mischief) instead of two.

6. ¶We hold that the District Court had statutory authority, as of February 14, 1992, to impose a deferred sentence for up to six years for Ingersoll's felony conviction for criminal mischief. Under Rule 5(b), M.R.App.P., Ingersoll had sixty days, or until April 14, 1992, to appeal the court's statutory authority to impose such a sentence.

Section 46-21-105(2), MCA, provides that when a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition. Ingersoll's failure to appeal on or before April 14, 1992, renders his claim procedurally barred in a postconviction proceeding. *See*, *e.g.*, In re Evans (1991), 250 Mont. 172, 173, 819 P.2d 156, 157-58.

7. ¶Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

Justice Karla M. Gray, specially concurring.

1. ¶I agree with the result reached by the Court, but not with its analysis. I would affirm the District Court on a different basis.

2. ¶It is true, as the State argues and the Court determines, that § 46-18-201(2), MCA, authorizes a district court to defer imposition of sentence for a period not exceeding six years when a financial condition has been imposed as a condition of any felony sentence. However, the District Court clearly did not defer imposition of sentence for Ingersoll's second felony under that statutory provision in this case. Instead, it specifically ran that three-year deferred imposition of sentence consecutive to the three-year deferred imposition of sentence on Ingersoll's first felony. Thus, while the District Court could have acted pursuant to § 46-18-201(2), MCA, it did not do so. Furthermore, while the Court is correct that it makes no practical difference

whether the District Court deferred imposition of sentence on the second felony for six years or deferred it for three years, and ran it consecutive to the deferred imposition on the first felony, the question before us is whether the court was authorized to do what it actually did, not whether it was authorized to achieve the same effect via a different course of action in sentencing. Moreover, I am concerned that applying the "right result, wrong reason" approach here effectively results in a prohibited modification of the sentence after the fact.

3. ¶It is my view, however, that the District Court was authorized to do what it actually did in this case, namely, to defer imposition of sentence on each felony for three years and to run those deferred impositions consecutively. Section 46-18-201, MCA (1989), is entitled "*Sentences* that may be imposed" and subsection (1)(a) thereof expressly authorizes a deferred imposition of sentence. (Emphasis added.) Furthermore, § 46-18-401(4), MCA (1989), provides that separate sentences for two or more offenses must run consecutively unless the court orders otherwise. Thus, even absent the District Court's express provision that Ingersoll's deferred impositions were to run consecutively, § 46-18-401(4), MCA (1989), would have produced that result by operation of law.

4. ¶Ingersoll points out in this regard that § 46-1-201(9), MCA (1989), defined "sentence" as "the punishment imposed on the defendant by the court" and argues that punishment means, essentially, imprisonment. As a result, according to Ingersoll, his deferred impositions of sentence on the felonies were not "sentences" as that term is used in § 46-18-401(4), MCA (1989). His argument is flawed.

5. ¶First, as mentioned above, the court's authority to defer imposition of sentence is contained in the general sentencing statute, § 46-18-201, MCA (1989). Moreover, the definitional statute--§ 46-1-201(9), MCA (1989)--does not define punishment at all, much less as narrowly as Ingersoll defines it. Indeed, Black's Law Dictionary 1234 (6th ed. 1990), defines punishment in criminal cases as "[a]ny fine, penalty, or confinement . . . . A deprivation of . . . some right." Where, as here, the deferred impositions of sentence placed substantial restrictions on Ingersoll and required him, among other things, to perform community service and make restitution, they clearly constituted punishment under § 46-1-201(9), MCA (1989).

6. ¶Ingersoll contends, however, that our decision in State v. Rice (1996), 275 Mont. 81, 910 P.2d 245, precludes application of § 46-18-401(4), MCA (1989), here to run the deferred impositions of sentence consecutively. He argues that, in *Rice*, we held that "sentence" was synonymous with "punishment" and, as a result, excluded deferred sentences. I disagree. We did acknowledge in *Rice* that the pre-1991 statutory definition of "sentence" was "punishment." *Rice*, 275 Mont. at 84, 910

P.2d at 246 (citation omitted). We did not conclude, however, that that definition excluded deferred impositions of sentence and, indeed, we could not properly have done so because the pre-1991 statute was not at issue in *Rice*.

7. ¶I would conclude that deferred impositions of sentence were "sentences" under §§ 46-1-201(9) and 46-18-201, MCA (1989), and, as a result, the District Court was authorized to run the deferred impositions of sentence on Ingersoll's two felonies consecutively. I would affirm the District Court on that basis.

/S/ KARLA M. GRAY

Justice James C. Nelson dissents.

1. ¶I respectfully dissent from the Court's decision. I would order Ingersoll's sentence on criminal mischief be vacated and require that he be released from probation and further supervision.
2. ¶As the majority points out, under the version of the § 46-18-201, MCA, applicable to this case (the 1989 version), the trial court could defer sentencing on a felony for up to three years under subsection 1(a). Section 46-18-201, MCA, also gave the sentencing court additional authority to defer sentencing on a felony for up to six years for the purposes of paying restitution, costs, attorney fees, etc. Specifically,

(2) If any financial obligation is imposed as a condition under subsection (1)(a), sentence may be deferred for a period . . . not exceeding 6 years for any felony, regardless of whether any other conditions are imposed.

1. ¶In the case a bar, the sentencing court statutorily could have deferred imposing a sentence for 6 years on each of Ingersoll's felonies to allow for the payment of restitution. But the court did not impose that sentence. Rather the District Court specifically deferred sentence for 3 years on each felony.
2. ¶We, nonetheless, affirm because the sentencing court's original deferrals were

imposed to run consecutively. This is precisely the problem, however. There was no statutory authority in § 46-18-201, MCA, allowing the trial court to effectively stack 3-year deferred sentences by causing them to run consecutively rather than concurrently.[(1)] Moreover, our determination that the court's sentence was permissible because the statute did not prohibit consecutive deferrals is legally unsupportable.

3.  ¶Our case law clearly holds that the court derives its sentencing authority from statute and that it must have specific authority to impose a particular sentence. Indeed, absent statutory authority, the sentence is void.

It is well-established that a district court's authority to impose sentences in criminal cases is defined and constrained by statute. *State v. Wilson* (1996), 279 Mont. 34, 37, 926 P.2d 712, 714. Moreover, "a district court has no power to impose a sentence in the absence of specific statutory authority." *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029 (citations omitted); *Wilson*, 279 Mont. at 37, 926 P.2d at 714.

*State v. Nelson 1998 MT 227, ¶ 24, 291 Mont. 15, ¶ 24, 966 P.2d 133, ¶ 24. See also State v. Moorman (1996), 279 Mont. 330, 336, 928 P.2d 145, 149 (court lacks subject matter jurisdiction to impose a sentence without statutory authority and sentence imposed in absence of subject matter jurisdiction is void).*

1.  ¶In other words, a sentencing court has authority to impose a particular sentence because the statute specifically *allows* the sentence. The court derives no sentencing authority whatsoever from statutory silence *prohibiting* the sentence. The majority have simply turned the rule on its head.

2.  ¶Accordingly, under the circumstances of the case *sub judice*, since there was no statutory authority allowing the sentencing court to stack the deferrals, both of the deferrals ran concurrently and ran out 3 years after sentencing. Moreover, since the court did not have subject matter jurisdiction to cause the two 3-year deferrals to run consecutively, the remedy sought under post conviction relief is not procedurally barred under § 46-21-105. *Moorman*, 279 Mont. at 336, 928 P.2d at 149.

3.  ¶The law requires that we reverse the District Court and order that Ingersoll's sentence be vacated on the criminal mischief charge and that he be released from probation and further supervision. We should remand for entry of an order consistent with that determination. I dissent from our failure to do so.

/S/ JAMES C. NELSON

Justice Terry N. Trieweiler and William E. Hunt, Sr., join in the foregoing dissent.

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

1. In this regard I also disagree with Justice Gray's contention that § 46-18-401(4), MCA, justifies the court's stacking of deferrals because "separate sentences for two or more offenses must run consecutively unless the court orders otherwise." Whether an order deferring a sentence is a "sentence" is not the relevant inquiry. Clearly, § 46-18-201(1)(a) and (2), MCA, define the parameters of the court's jurisdiction to defer imposing sentence--3 years is the outside limit, except where a financial obligation is imposed. Accepting Justice Gray's interpretation at face value, if the defendant was convicted of two offenses for which no financial obligation was imposed at sentencing, the court could, by stacking the two 3-year deferrals, nevertheless effectively place the defendant at risk for receiving at least one full sentence on revocation for a total of 6 years--a "sentence" only permitted if a financial obligation was imposed. If a financial obligation was imposed, using this same approach, the court could extend the total deferral exposure to 12 years--2 years longer than the actual term of imprisonment for most felonies and most certainly 6 years longer than the maximum deferral time allowed by the statute. In their attempt to uphold a clearly illegal sentence by the trial court, the majority and the concurring justice have bent the statutory language beyond all recognition.