IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 02-329

2003 MT 16

_____

MONTANA FAIR HOUSING, INC.,                    )
                                               )
       Intervening Plaintiff and Appellant,    )
                                               )        O P I N I O N
       v.                                      )           AND
                                               )        O R D E R
LAVERN AND DOLORES BARNES, d/b/a               )
TARGET RANGE TRAILER COURT, and                )
DARRELL TRAVER, Agent,                         )
                                               )
       Defendants and Respondents.             )

_____

¶1    Before the Court is Respondents' motion for clarification as to the application of Rule 21, M.R.App.P.

¶2    This Court issued an opinion in this matter on December 31, 2002.  On January 16, 2003, the Clerk of the Supreme Court entered remittitur.  The next day, January 17, 2003, Respondents filed their petition for rehearing.  Having been advised that their petition for rehearing was beyond the 10 days allowed for such a petition under Rule 34, M.R.App.P., Respondents contend that they should receive the benefit of Rule 21(e), M.R.App.P., which states:

> Additional time after service by mail. Whenever a party is required or permitted to do any act within a prescribed period after service of a paper upon such party and the paper is served by mailed, 3 days shall be added to the prescribed period.

¶3    If Respondents are allowed the additional three days for mailing under Rule 21(e),  their petition for rehearing will be

1

considered timely filed. We thus take this opportunity to clarify the application of Rule 21(e), M.R.App.P.

¶4    Rule 21(e) only applies to situations involving response-type pleadings– that is, when parties are required or permitted to file a document or brief after having had a brief or paper served upon them. When a filing deadline is specified by the Court or when a document is required by Court rule to be filed within a specified time, Rule 21(e) does not apply, and the party does not get the benefit of an extra three days for mailing. For example, under Rule 26, M.R.App.P., the appellant's brief is due 30 days after the date on which the record is filed. Since the appellant's brief is not being filed in response to any paper having been served on the appellant, Rule 21(e) does not apply, and there is no extra time for mailing. The respondent's answer brief and the appellant's reply brief, however, do get the benefit of Rule 21(e) since both of those briefs are due within a specified period "after service" of the other party's brief upon them.

¶5    Rule 34, M.R.App.P., allows petitions for rehearing to be filed "within 10 days after the decision of the supreme court has been rendered." Since this time period is specified by rule of court and since the petition is not being filed in response to a litigant "having been served" with a document or brief, Rule 21(e) does not apply. Thus, in the present matter where the court's decision was rendered on December 31, 2002, Respondents had 10 days to file a petition for rehearing. Since the time period is less than 11 days, Rule 21(a) excludes Saturdays, Sundays and legal

holidays.  That gave Respondents until January 15, 2003, to file their petition for rehearing.  The petition filed on January 17, 2003, was thus not timely.

¶6    Since Respondents did not have the benefit of this interpretation of Rule 21(e), M.R.App.P., we determine that it would be unfair to apply it to Respondents under the present circumstances.  Thus, we will entertain Respondents' petition for rehearing and apply this interpretation of Rule 21(e), M.R.App.P., prospectively.

¶7    The Clerk is directed to mail a true copy hereof to counsel of record for the respective parties.

DATED this 11th day of February, 2003.

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ JIM RICE

3