No. 04-205

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2005 MT 134

CITY OF BILLINGS,

      Plaintiff and Respondent,

v.

TYEREL GARY DILL,

      Defendant and Appellant.

**FILED**

MAY 3 1 2005

*Ed Smith*

CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2001-580,
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jack E. Sands, Attorney at Law, Billings, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Jon Ellingson,
Assistant Attorney General, Helena, Montana

        Brent Brooks, City Attorney, Billings, Montana

Submitted on Briefs:  April 6, 2005

Decided: May 31, 2005

Filed:

_____
               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Tyerel Dill (Dill) appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on December 10, 2003, affirming his conviction and sentence imposed by the City of Billings Municipal Court. We dismiss for lack of jurisdiction.

¶2 We address the following issue:

¶3 Was the notice of appeal untimely filed, thus precluding the exercise of appellate jurisdiction?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 In the early morning hours of December 30, 1999, Dill was visiting his mother, Bonnie Dill, and her companion, Roger Edwards (Edwards), who were staying at the Billings Sheraton Hotel, when an argument arose between Dill and Edwards. Edwards called security, and Tracy Askins (Askins) of Guardian Security came to the room and told Dill to leave. In the process of stepping between Dill and Edwards, Askins claimed he was punched in the nose by Dill. Two Sheraton Hotel employees then arrived and escorted Dill out of the room, where another dispute arose in the hallway. The security guard and other hotel employees attempted to detain Dill until the police arrived, at which time Dill grabbed the security guard's pepper spray, and, as a result of the struggle, the cannister discharged in the hallway.

¶5 Officer Jim Woog (Officer Woog) of the Billings Police Department then arrived, encountered the ongoing disturbance in the hallway and tried to de-escalate the situation. Officer Woog handcuffed Dill and escorted him down the elevator, through the lobby and

2

out the Hotel's front door, at which time Dill spit in Officer Woog's face. Officer Woog then forced Dill to the ground and used pepper spray to subdue him.

¶6 Dill was originally charged with assault, assault with a bodily fluid, and obstructing a police officer, all misdemeanors, resulting from the incident. Dill initially went to trial in Billings Municipal Court on June 22 and 23, 2000. He was convicted of assault with bodily fluid and acquitted of the other two charges.

¶7 Dill appealed his conviction to the District Court which ordered a new trial on the assault with bodily fluid charge, because of an error in the jury selection process. A second trial was held in Billings Municipal Court on May 24, 2001, wherein the jury convicted Dill. He again appealed to the District Court, which affirmed his conviction on December 10, 2003.

¶8 On February 12, 2004, Dill filed his Notice of Appeal, sixty-three days after the date of entry of judgment.

## DISCUSSION

¶9 *Was the notice of appeal untimely filed, thus precluding the exercise of appellate jurisdiction?*

¶10 Rule 5(b), M.R.App.P., defines the time period for filing a notice of appeal in a criminal case: "In criminal cases an appeal from a judgment entered pursuant to section 46-18-116, Montana Code Annotated must be taken within 60 days after entry of judgment appealed from." We have held that "[t]his Court is without jurisdiction to hear an appeal

filed more than 60 days after judgment." *State v. Rice* (1996), 275 Mont. 81, 83, 910 P.2d 245, 246.

¶11 Dill appeals from the judgment entered by the District Court in this action on December 10, 2003. Dill's notice of appeal was filed February 12, 2004, sixty-three days after the entry of the judgment.

¶12 The City of Billings contends Dill's appeal is not timely because he failed to file his notice within the sixty-day period provided by Rule 5(b), M.R.App.P., and therefore, this Court has no jurisdiction to consider Dill's appeal and must dismiss. In response Dill argues his appeal is timely because Rule 21(e), M.R.App.P., allows an additional three days when service of a paper is made by mail. Dill argues that because the District Court's order was mailed to him, the appeal time was extended by three days.

¶13 Rule 21(e), M.R.App.P., provides as follows:

> Whenever a party is required or permitted to do any act within a prescribed period after service of a paper upon such party and the paper is served by mail, 3 days shall be added to the prescribed period.

This Court explained the application of this rule in *Montana Fair Housing, Inc., v. Barnes,* 2003 MT 16, 314 Mont. 73, 68 P.3d 653, holding that:

> Rule 21(e) only applies to situations involving response-type pleadings--that is, when parties are required or permitted to file a document or brief after having had a brief or paper served upon them. When a filing deadline is specified by the Court or *when a document is required by Court rule to be filed within a specified time*, Rule 21(e) does not apply, and the party does not get the benefit of an extra three days for mailing.

*Barnes,* ¶ 4 (emphasis added).

4

¶14 Rule 5(b), M.R.App.P., requires an appeal from a judgment in a criminal case to be filed "within a specified time," that is, within sixty days after entry of judgment. *Barnes*, ¶ 4. As a deadline specified by rule, it is not extended by the three-day mailing provision of Rule 21(e), M.R.App.P.

¶15 Because this appeal was filed more than sixty days after judgment was entered this Court is without jurisdiction to hear the appeal. *Rice*, 275 Mont. at 83, 910 P.2d at 246. Jurisdiction can be raised any time, and if the Court does not have jurisdiction because the notice was not timely filed, then the Court is obligated to dismiss. *Rice*, 275 Mont. at 83, 85, 910 P.2d at 246, 247.

¶16 Dill had sixty days from the date judgment was entered in which to appeal his conviction of assault with bodily fluid. Because Dill failed to file an appeal within the time allotted, this Court has no jurisdiction to hear his appeal.

¶17 The appeal is dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5

May 31, 2005

CERTIFICATE OF SERVICE

I hereby certify that the attached document was sent by United States mail, prepaid, to the following named:

JACK E SANDS
ATTORNEY AT LAW
100 N 27TH STE 250
BILLINGS MT 59101

HON MIKE MCGRATH ATTORNEY GENERAL
JON ELLINGSON ASSISTANT
PO BOX 201401
HELENA MT 59620-1401

BRENT BROOKS
BILLINGS CITY ATTORNEY
PO BOX 1178
BILLINGS MT 59103-1178

ED SMITH
CLERK OF THE SUPREME COURT

STATE OF MONTANA

BY: _N. Gallagher_
Deputy

