FILED

02/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0589

DA 19-0589

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 22N

STATE OF MONTANA

      Plaintiff and Appellee,

  v.

CLARENCE REDMOND LOGUE JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DC 17-339B
                    Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Clarence Redmond Logue, Jr., Self-represented, Anaconda, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Michael P Dougherty,
          Assistant Attorney General, Helena, Montana

          Travis Ahner, Flathead County Attorney, Alison E. Howard, Deputy
          County Attorney, Kalispell, Montana

Submitted on Briefs:  July 22, 2020

Decided:  February 2, 2021

Filed:

                             _____
                                     Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Clarence Redmond Logue Jr. (Logue) appeals the August 2019 judgment of the Montana Eleventh Judicial District Court, Flathead County, denying his various post-trial motions, and underlying assertions of error, challenging the statutory and constitutional validity of his January 2018 guilty plea, March 2018 judgment of sentence, February 2019 probation violation admissions and revocation of suspended sentence, and March 2019 resentencing upon revocation to two-year term of commitment to the Montana Department of Corrections for placement in an appropriate correctional facility program. We affirm.

¶3      As indicated on the undisputed January 24, 2018, change of plea hearing record, Logue is a United States military veteran who, at the time of the subject offense, was afflicted by an array of mental health issues including previously diagnosed "schizophrenic affective disorder," military service-related post-traumatic stress disorder (PTSD), and attention deficit disorder (ADD). He testified that he was also afflicted with various other conditions including various cognitive impairments and a "subdural hematoma" caused by a "traumatic brain injury" (TBI) and occasional "epileptic" seizure "episodes."

¶4      On June 6, 2017, while in the midst of self-described paranoid delusions that "people were after me," Logue entered the lobby of Flathead County Detention Center (FCDC), drew a knife, and pounded the butt of the knife on the security glass of the

2

facility's public service window in an attempt to get the attention and protective assistance of the attending officer. The pounding caused approximately $1,500 in damage to the security glass window. Following his arrest and subsequent arraignment on the offense of felony criminal mischief in violation of § 45-6-101(1)(a), MCA, Logue gave notice, through court-appointed counsel, of intent to assert an affirmative defense under §§ 46-14-101(1)(a)(ii), (2), -102, and -213, MCA, that he did not have the requisite mental state required for the commission of the charged offense due to a mental disease or disorder.

¶5　　However, on January 23, 2018, the parties filed a signed plea agreement, and acknowledgement of waiver of rights, under which Logue agreed to plead guilty to felony criminal mischief as charged in return for the State's recommendation that the court sentence him to a two-year suspended term of commitment to the Montana Department of Corrections (DOC) and restitution in the amount of $2,340. Under the acknowledgment of rights sections of the written agreement, Logue expressly acknowledged, *inter alia*, his understanding of various specified rights, including the right to stand on his prior not guilty plea and require the State to prove his guilt beyond a reasonable doubt, and that he would waive those rights by pleading guilty. He further expressly represented in the agreement that he: (1) was "not suffering from any mental disease or defect" or "emotional disability"; (2) was not "acting under the influence of alcohol, drugs, or prescription medicine"; (3) "had ample time and opportunity to discuss [his] case with" his counsel, "received the full benefit" of his counsel's "advice," and was "satisfied with the services of" his counsel; (4) had "not been threatened, coerced, forced, intimidated, or influenced in any way" to

3

sign the agreement or plead guilty; and (5) "entered into [the] [a]greement freely and voluntarily and with full knowledge of its terms and conditions."

¶6     At his subsequent January 2018 change of plea hearing, Logue again similarly acknowledged his full understanding of his rights, the waiver effect of a guilty plea, and that he had read, fully understood, and voluntarily signed the written plea agreement and acknowledgment of rights document. Under questioning from the court and his counsel, Logue acknowledged his mental health disorders, other physical and cognitive afflictions, and that he was then taking prescribed mental health medication. He further expressly represented that: (1) he was not under the influence of alcohol or drugs; (2) his prescribed medication helped him understand what he was doing at the hearing; and (3) he was "clearheaded," "very lucid," and "underst[oo]d completely" what was going on and what he was doing. He articulately attributed his criminal conduct on the day of the offense to paranoid "delusional and compulsive behavior" caused by a temporary "epileptic" seizure or "episode" related to the fact that he had been off of his prescribed mental health medication ("Seroquel"), which he described as "an antipsychotic medication" prescribed for his "schizophrenic affective disorder and PTSD."[1] Though he asserted that he didn't know what he was doing due to his delusional state and didn't intend to damage the window or break the law, Logue candidly admitted that he was aware that he was pounding hard on

---

[1] Logue explained that he was temporarily off his mental health medication due to a temporary mix-up with his doctor as to whether he was "trying to abuse the system" regarding a narcotic pain medication prescribed for a separate physical condition. He explained that his doctor intended to cut him off of the narcotic painkiller, but apparently indiscriminately cut off all of his prescriptions in the process.

4

the window with the butt-end of a knife. When asked by the court why he was pleading guilty, Logue cogently explained that:

> It will give me a chance, if possible to – I had plans to go to Flathead Community College, and I wanted to get in Spring quarter, and I'm hoping I'll be on conditional release to do so, and I plan on staying here in the Flathead Valley and becoming a productive citizen.

At his subsequent March 2018 sentencing hearing, Logue again articulately discussed his continuing use of prescribed mental health medication, his resulting stable mental state, ongoing progress, and future treatment, residency, college, and restitution-payment plans. At the close of the hearing, the District Court sentenced him in accordance with his plea agreement to a two-year suspended commitment to DOC and $2,340 in restitution. Logue made no contemporaneous objection to the validity of his change of plea, the sentence imposed, or effectiveness of his counsel. The District Court entered a written judgment of conviction and sentence on May 1, 2018. Logue did not appeal.

¶7 Six months later, in October of 2018, the State filed a petition to revoke Logue's suspended sentence based on two alleged probation violations—failure to report and failure to reside at his reported location, rendering the supervising officer unable to locate him. Upon his subsequent arrest in Georgia ten weeks later, Logue appeared in custody with counsel at his initial answer hearing on the revocation petition. He acknowledged receipt of the petition, receipt of an advisory of his rights and the process for contesting the allegations, and his understanding of his rights, the petition allegations, and the process for contesting them. He then unequivocally stated that he "would like to admit to the charges against [him]." Under questioning, Logue affirmed that he was "clearheaded" and "back

5

on his mental health medication," which was "working really good." He further represented that he had ample opportunity before the hearing to consult with his counsel, as well as stand-in counsel at the hearing, and that he was satisfied with his counsel. He then unequivocally admitted to the alleged probation violations, with a detailed explanation as to why and how they occurred. At the close of hearing, the District Court revoked Logue's previously imposed suspended sentence and resentenced him to serve an unsuspended two-year term of commitment to DOC for placement in an appropriate correctional facility or program. The court reimposed the originally-imposed restitution and statutory fees/charges, and gave him 154 days of credit against the new sentence. Logue made no contemporaneous objection to the validity of his change of answer to the alleged probation violations, the sentence imposed on revocation, or the effectiveness of the assistance of counsel he received in regard thereto. The District Court subsequently entered a written judgment of revocation and resentencing on March 1, 2019. Logue did not appeal.

¶8 Four months later, in July 2019, Logue filed a *pro se* motion for a "new trial" pursuant to § 46-16-702, MCA, based on "newly-discovered evidence," *i.e.*, newly-discovered legal authority[2] and unspecified "mitigating evidence." On the same grounds, he concurrently filed an alternative motion for "modification of sentence to be

---

[2] *See State v. Morse*, 2015 MT 51, ¶ 20, 378 Mont. 249, 343 P.3d 1196 (court discretion under § 46-16-702(1), MCA to grant new trial in the interests of justice on motion or *sua sponte*) and *State v. Johnson*, 2000 MT 290, ¶¶ 30-32, 302 Mont. 265, 4 P.3d 480 (imposition of incarceration medical costs per § 7-32-2245, MCA, invalid unless properly imposed at the time of sentencing).

6

dismissed" pursuant to § 46-13-401(1), MCA. Pursuant to §§ 46-15-322 and -327, MCA, he also filed a *pro se* motion for wide-ranging discovery regarding both motions. Liberally construed to the extent discernible, Logue's disjointed and ambiguous *pro se* motions apparently sought retroactive dismissal of the original charge or, alternatively, a "new trial" on the original charge and/or subsequent probation allegations, based on non-record-based claims of ineffective assistance of counsel (IAC). The asserted IAC allegations chiefly consisted of two claims, *inter alia*. The first claimed that his counsel coerced him into pleading guilty to the original charge. Pursuant to *Johnson*, ¶¶ 30-32 (imposition of incarceration medical costs per § 7-32-2245, MCA, invalid unless properly imposed at time of sentencing), the second claimed that counsel performed deficiently by failing or refusing to assert at sentencing, or resentencing on revocation,[3] that the Flathead County Detention Center (FCDC) illegally withdrew funds, derived from social security benefits, from Logue's FCDC inmate trust account as reimbursement for costs of medical care provided to him while incarcerated.[4] On August 19, 2019, the District Court denied the motion for a new trial as untimely under § 46-16-702, MCA (30-day deadline after "verdict or finding

---

[3] It is unclear from Logue's *pro se* filings whether he asserts that counsel was ineffective in this regard at sentencing, resentencing on revocation, or both.

[4] Logue cursorily asserts that his counsel erroneously advised him that his dispute with FCDC was a separate civil matter, rather than an issue material to sentencing or resentencing on revocation. See also Attachment to Notice of Appeal for Pro Se Motions, filed in this Court on October 10, 2019. In that regard, we take judicial notice of the June 11, 2020 judgment of the United States District Court for the District of Montana granting Logue summary judgment against FCDC in the amount of $1,079.82 unlawfully drawn from FCDC inmate trust account. *See* Order and Findings and Recommendation of U.S. Magistrate Judge, *Logue v. Root, et. al.*, No. CV-19-101, (D. Mont., June 11, 2020).

7

of guilty" for filing motions for new trial).  The court reasoned further that his IAC claims were not remediable in any event by motion for new trial under § 46-16-702, MCA.  Without further explanation, the court summarily denied the concurrently filed motions for dismissal and discovery.  Logue timely appealed the August 2019 judgment.

¶9      We review denials of a motion for a new trial under § 46-16-702, MCA, and denials of motions to dismiss under § 46-13-401, MCA, for an abuse of discretion.  *State v. Hammer*, 2013 MT 203, ¶ 12, 371 Mont. 121, 305 P.3d 843; *State v. Schwictenberg*, 237 Mont. 213, 216, 772 P.2d 853, 856 (1989).  An abuse of discretion occurs if an exercise of discretion is based on a clearly erroneous finding of material fact, an erroneous conclusion or application of law, or reasoning that is arbitrary, lacking in conscientious judgment, or in excess of the bounds of reason, resulting in substantial injustice.  *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894; *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241.

¶10     Here, Logue candidly acknowledges that his motion for a new trial was untimely under the 30-day deadline specified by § 46-16-702(2), MCA.[5]  He did not appeal his original 2018 judgment of conviction and sentence, or his subsequent March 2019 judgment of revocation and resentencing.  The deadline for appeal of those judgments passed long before the filings dates of his July 2019 motions in district court, the August

---

[5] Even if it had been timely, *arguendo*, the legal authority newly-discovered by Logue is not evidence, and the motion failed to make a supported factual showing of, or even a likelihood of discovery facts indicating, actual innocence of the offense to which he pled guilty.

2019 judgment thereon, and the October 2019 notice of appeal.[6] Under § 46-16-702, MCA, a new trial is available as a matter of discretion only on a prior "verdict or finding of guilt," not as here on a prior guilty plea. *See* § 46-16-702(1), MCA. *Compare* §§ 46-12-202(1), -204, and -211, MCA (in re pleas). Postconviction relief (PCR) under Title 46, chapter 21, MCA, is an available remedy, as pertinent here, for non-record-based IAC claims and newly-discovered evidence of actual innocence. *See* §§ 46-21-101, -102(2), and -201, MCA; *State v. Pelletier*, 2020 MT 249, ¶¶ 39-40, 401 Mont. 454, 473 P.3d 991 (non-record-based IAC justiciable under PCR not amenable to direct appeal). However, Logue neither asserts, nor has shown, that the District Court erroneously failed to liberally construe his July 2019 motions as a PCR petition.[7] We hold that the District Court correctly denied Logue's July 2019 motions for a new trial, dismissal, and related discovery.

¶11 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules on the ground that it presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ DIRK M. SANDEFUR

---

[6] The deadline for filing an appeal from a final judgment in a criminal case is 60-days from the date of entry of judgment. M. R. App. P. 4(5)(b)(i); *see also City of Billings v. Dill*, 2005 MT 134, ¶ 14, 327 Mont. 262, 113 P.3d 302 (Rule 4(5)(b) "requires an appeal from a judgment in a criminal case be filed 'within a specified time,' that is within sixty days after the entry of judgment.").

[7] We make no express or implied comment here as to the procedural or substantive viability of Logue's claims for purposes of postconviction relief.

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE