No. 14955

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

TOM WESTON,

Plaintiff and Respondent,

vs.

ROY KUNTZ,

Defendant and Appellant.

_____

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Garlington, Lohn and Robinson, Missoula, Montana

For Respondent:

Smith, Conner, Van Valkenburg & Larrivee, Missoula,
Montana

_____

Submitted on briefs: February 27, 1980

Decided:  MAY 1 - 1980

Filed:  MAY 1 - 1980

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant Kuntz appeals from the order and judgment of the Missoula County District Court granting respondent Weston's motion for summary judgment on the question of liability. The District Court reserved judgment as to the amount of damages.

Roy Kuntz operated a garage (Kuntz Auto Repair Service) located just outside of St. Ignatius, Montana and held himself out as an automobile repairman. On January 15, 1978, Weston delivered his 1970 Chevrolet Van, containing tools and equipment, to Roy Kuntz to repair. Roy Kuntz was to have redelivered the van to Weston in approximately two days, on or about January 17, 1978. On January 17, 1978, Weston sought to have his van returned from Roy Kuntz and discovered that his van and all the equipment in it had been totally consumed by fire. As a result the plaintiff initiated this action.

Following discovery, Weston filed a motion for summary judgment. After briefs were submitted by the parties, the District Court granted summary judgment on the issue of liability, while reserving judgment as to the amount of damages. Kuntz now appeals.

The controlling issue in this appeal is whether a judgment of liability which reserves judgment as to damages is appealable.

Rule 56(c), M.R.Civ.P. provides, in part:

> " . . . A summary judgment, interlocutory in
> character, may be rendered on the issue of liability
> alone although there is a genuine issue as to the
> amount of damages."

This Court has previously held that such an order granting summary judgment on the issue of liability alone is not appealable. The rationale and authorities behind these holdings are given in Schultz v. Adams (1973), 161 Mont. 463, 507 P.2d 530, and need not be repeated here.

The attempted appeal is dismissed as premature, without prejudice.

_____
                          Chief Justice

We concur:

_____ ,

_____

_____

_____
Justices

- 3 -