No. 81-96

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

TOM WESTON,

Plaintiff and Respondent,

-vs-

ROY KUNTZ,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, The Honorable
John S. Henson, Judge presiding.

Counsel of Record:

For Appellant:

Garlington, Lohn & Robinson, Missoula, Montana

For Respondent:

Smith, Connor & Van Valkenburg, Missoula, Montana

Submitted on Briefs: July 24, 1981

Decided: OCT 19 1981

Filed: OCT 19 1981

Thomas J. Kearney
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This appeal arises from damages to respondent's Chevrolet van and its contents during a fire January 16, 1978, in appellant's place of business. Respondent had taken his vehicle to appellant's auto repair service outside St. Ignatius, Montana, for repair on January 15, 1978.

After the claim was filed, both parties conducted discovery, and respondent filed a motion for summary judgment on April 3, 1979. The District Court heard argument on the motion and on July 2, 1979, entered summary judgment for the respondent reserving judgment as to the amount of damages.

Following the summary judgment, Kuntz appealed the determination of liability. This Court found the attempted appeal was premature because damages had not been determined and the appeal was dismissed without prejudice. Weston v. Kuntz (1980), _____ Mont. _____, 610 P.2d 172, 37 St.Rep. 855.

On August 13, 1980, appellant served an offer of judgment on the respondent pursuant to Rule 68, M.R.Civ.P., for the amount of $2,200. The offer specified it was not to be construed as an admission that Kuntz was liable or that Weston had suffered damages as a result of any negligence or liability by Kuntz.

On September 17, 1980, the parties stipulated to an extension of the offer through October 15, 1980.

In a letter dated October 28, 1980, Kuntz indicated a willingness to compromise on the claim in a total amount of $2,272.16. The letter noted the amount was essentially the same as a settlement offer of June 24, 1980, and stated if the figure was still unacceptable to Weston, Kuntz would

request the court to set the matter for hearing on damages. On that day also Kuntz filed a motion to establish a hearing date.

On October 29, 1980, respondent served appellant with an acceptance of offer of judgment for $2,272.16.

On October 30, 1980, Kuntz filed a notice of expiration and withdrawal of offer of judgment stating the offer which had been extended through October 15, 1980, had not been accepted in its amount of $2,200.

Weston moved for entry of judgment on November 3, 1980. Following a hearing on the motion for entry of judgment, the District Court found that on October 28, 1980, Kuntz had served an amended or new offer on Weston who accepted that offer on October 29, 1980. Kuntz's motion for reconsideration was denied, and this appeal followed.

Several issues are before this Court on appeal:

1. Did the District Court err in its entry of judgment in the amount of $2,272.16?

2. Does the offer of judgment entered by the District Court render the question of liability moot, thereby precluding appeal of the summary judgment?

3. Did the District Court err in granting plaintiff-respondent's motion for summary judgment?

Appellant appeals in part from the District Court's finding of an amended or new offer of judgment in the amount of $2,272.16. This Court will overturn the findings of fact of the District Court only if they are not supported by substantial evidence. And, the evidence will be viewed in the light most favorable to the prevailing party. Toeckes v. Baker (1980), _____ Mont. _____, 611 P.2d 609, 611, 37

-3-

St.Rep. 948, 950.

The original offer of judgment for $2,200 was filed August 13, 1980, and by stipulation of the parties the offer was extended through October 15, 1980. By affidavit, respondent's counsel stated that on or about October 15, 1980, he talked with appellant's counsel. They discussed the fact that appellant's counsel had heard from her client, that her client had come up some, that she was uncertain as to how the total figure compared with the August 13, 1980 offer, but that a letter from appellant's counsel regarding the matter was being forwarded to respondent's counsel. The affidavit further stated that at no time during the telephone conversation did either counsel mention or discuss that the offer contained in the forthcoming letter was to be made, not as an offer of judgment as had already been made and extended, but only as a stipulation of damages.

During the conversation also, according to the affidavit, respondent's counsel again advised appellant's counsel of his opinion that an offer of judgment, if accepted, would render an appeal moot.

Appellant's reply memorandum to the motion to enter judgment states there was an oral agreement between the parties to keep the offer open beyond October 15, 1980, until respondent received appellant's final position as to damages.

Counsel for both parties argued the motion before the District Court.

Appellant claims that an offer of judgment, as a compromise agreement, is contractual and requires a "meeting of the minds" to be binding. Appellant then argues since

there was no "meeting of the minds" between the parties, there could be no offer of judgment as anticipated by Rule 68, M.R.Civ.P.

But the question of whether there was a "meeting of the minds" is not as clear-cut as appellant purports. The offer of judgment had been extended several times, both verbally and by stipulation. Appellant admitted the offer had been left open beyond October 15 by agreement until respondent received appellant's final position. Respondent's counsel stated there had been no mention in his telephone conversation with appellant's counsel that the new figure was meant to be offered in any form other than offer of judgment with which the parties had been dealing for two weeks.

Certainly there is conflicting evidence which might indicate there was no "meeting of the minds," but such evidence was weighed by the District Court, which determined otherwise. We find the District Court's determination is supported by substantial evidence and therefore affirm its finding of a new or amended offer of judgment for $2,272.16.

The question then becomes whether the entry of offer of judgment precludes appeal of the summary judgment by making the question of liability moot.

The offer of judgment was made and entered pursuant to Rule 68, M.R.Civ.P. This question has not been considered in Montana so we must look to the federal rule which is nearly identical to that in Montana.

The case before us does not appear to be one which was contemplated by the rule or has been considered in connection with it. Rule 68, M.R.Civ.P., provides:

"Offer of judgment. At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon judgment shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability."

The basic purpose of Rule 68 is to encourage settlement and avoid protracted litigation. Greenwood v. Stevenson (1980), 88 F.R.D. 225; Staffend v. Lake Central Airlines, Inc. (1969), 47 F.R.D. 218; 7 Moore's Federal Practice ¶68.02. The rule also attempts to alleviate the burden of subsequently accrued costs to the defendant by placing them on a plaintiff who refuses to accept a good faith offer and subsequently receives a judgment which is not greater than the offer. Greenwood, 88 F.R.D. at 228.

Here it is the party who made the offer of judgment who seeks further litigation. Throughout the negotiations and offers regarding damages, appellant maintained his sole purpose was to put the case into proper posture for appeal. The bulk of the legal work required of the parties to appeal

had, because of the previous appeal, been done before the offer. The additional costs of trial if the matter were to be remanded, however, would be significant.

It is apparent from the record that throughout these proceedings both parties were aware of appellant's intent to pursue appeal and respondent's position that acceptance of an offer would make the appeal improper. Nevertheless, an offer of judgment was made and accepted.

Although this fact situation was not contemplated by the comments accompanying Rule 68 or considered by the cases construing it, the underlying philosophy of Rule 68 remains. It would be inconsistent to allow a procedure designed to facilitate settlement and avoid litigation costs to be used to challenge liability and, thereby, extend litigation.

The Ninth Circuit considered a similar concept, although based on different facts, in Cruz v. Pacific American Insurance Corp. (9th Cir. 1964), 337 F.2d 746. There, an offer of judgment was made and accepted which specified a matter of a 12% penalty was to be decided by the court. The appellee later argued the court could not award the 12% damages without first having a trial on the issue of liability. The court held that such a trial was foreclosed by the offer and acceptance. "There could never be a valid offer in compromise and a valid acceptance if there had to be a subsequent determination of liability . . ." Cruz, 337 F.2d at 750.

Rule 68 specifies that an offer of judgment made after a finding of liability but before determination of damages shall have the same effect as an offer made before trial. That effect, if the offer is accepted, is to render

the issue of liability moot.

We therefore find the appeal of the summary judgment before us inappropriate.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices