STONE, Judge.
Martel sued Kuczkir and other parties for libel. All defendants, each having separate counsel, made an offer of judgment pursuant to Rule L442 of the Florida Rules of Civil Procedure. After the formal offer was made, counsel for defendant Kuczkir sent a letter to plaintiff’s lawyer stating that the original offer was conditioned on a release of other potential claims not in the litigation. The plaintiff accepted the original offer in accordance with the Rule with *1358 out reference to the separate letter. The trial court determined that counsel for Kuczkir did not seek to withdraw the initial offer, to amend it by a formal document, or seek leave of court to amend or clarify it. No effort was made to have the co-defendant, who had joined in the initial offer, join in the amendment. Plaintiff found himself in a position that could have resulted in a cost judgment had he rejected the initial offer. No evidentiary hearing was held. Motions to strike that had been filed after the acceptance were withdrawn by all parties. No issues of fact were presented to the trial court. The appellees do not contend that the appellant intended to consent to the terms of the letter and there is nothing in the record to support such a position.
The trial judge was presented by the parties with only two choices, best summed up by counsel for one of the other defendants at a brief motion hearing:
I would respectfully suggest the case is not going to trial. Because if Karen gets what she wants, she’s going to get her judgment and not give releases and the case is over. If we get what we want, she’s going to get her money, she’s going to give releases and the case is over. Nobody is going to ask you to go to trial.
So the trial issue is not really germane of what we’re talking about. The only issue is going to be does she get the money and have to give up the releases or does she get the money and have to satisfy the judgment. That’s the only issue.
We conclude that the trial court erred in deciding that the appellant accepted the offer of judgment as amended by the letter and by including a provision in the final judgment for release of claims other than those asserted in the lawsuit. We therefore need not consider what other options were available here, or any other conditions under which an offer of judgment may be amended before acceptance. See generally, BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986); Boorstein v. City of New York, 107 F.R.D. 31 (S.D.N. Y.1985); Weston v. Kuntz, 635 P.2d 269 (Mont.1981); Morris K. Udall, May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?, 19 F.R.D. 401. The final judgment is reversed. We remand for entry of a judgment in accordance with the offer of judgment as accepted.
DOWNEY and ANSTEAD, JJ., concur.