No. 93-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

KENNETH L, HAUGSTAD and
VERNA G. HAUGSTAD,

       Plaintiffs and Appellants,

  -vs-

EUGENE F. MARTIN and
CAROLINE M. MARTIN,

       Defendants and Respondents.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Hon. Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Wendell Dean Stanton, Attorney at Law,
         Billings, Montana

      For Respondent:

         Stewart R. Kirkpatrick; Murphy & Kirkpatrick
         Billings, Montana

FILED

MAY 03 1994

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 10, 1994

Decided: May 3, 1994

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District Court, Yellowstone County. Kenneth and Verna Haugstad (Haugstads) appeal that court's refusal to enter judgment pursuant to Rule 68, M.R.Civ.P. We affirm.

Eugene and Carol Martin (Martins) sold their home to the Haugstads in May 1991, for $104,900. The sale closed in July 1991.

In January 1992, the Haugstads sent a notice of rescission to the Martins. The Haugstads claimed that the heating system was inadequate and the water well was contaminated. They filed suit against the Martins seeking rescission of the purchase agreement, the return of the purchase price plus interest, costs of suit, attorney's fees, replacement of the well and heating system, and punitive damages.

Trial was scheduled for March 16, 1993. On March 5, 1993, the Martins sent a Rule 68, M.R.Civ.P., offer of judgment to the Haugstads. On March 11, 1993, the Haugstads filed an objection to the Martins' offer of judgment because it was untimely and lacked merit. On that same day, the Haugstads served seven trial subpoenas on witnesses. On March 12, the Haugstads served their trial brief on the Martins by mail.

However, on the morning of trial, the Haugstads withdrew their objection and attempted to accept the Martins' offer of judgment. After a hearing, the District Court concluded that the Martins' offer of judgment was untimely and that the Haugstads' objection to

the offer of judgment was a rejection and terminated the offer. The court refused to enter judgment pursuant to Rule 68, M.R.Civ.P.

The case went to trial and the court directed a verdict in favor of the Martins. Later, the Martins petitioned for an award of attorney's fees against the Haugstads and the court granted their request.

The Haugstads appeal the District Court's refusal to enter judgment pursuant to Rule 68, M.R.Civ.P., and present two issues:

1. Did the District Court err by concluding that the Haugstads' objection to the offer of judgment constituted a rejection and terminated the offer?

2. Did the District Court err by concluding that the Martins' offer of judgment was not timely and, therefore, void?

I

Did the District Court err by concluding that the Haugstads' objection to the offer of judgment constituted a rejection and terminated the offer?

It is well settled that contract principles guide this Court in examining whether a valid offer and acceptance exists under Rule 68, M.R.Civ.P. Weston v. Kuntz (1981), 194 Mont. 52, 56-57, 635 P.2d 269, 271-72; See also Kyreakakis v. Paternoster (D.N.J. 1990), 732 F.Supp. 1287, 1290 fn 3; Radecki v. Amoco Oil Co. (8th Cir. 1988), 858 F.2d 397, 400. We also rely on contract principles to examine whether the offeree rejected the original offer. See Mallory v. Eyrich (6th Cir. 1991), 922 F.2d 1273, 1279-80.

The Martins argue that the Haugstads rejected the offer of

judgment when the Haugstads objected to the offer as untimely. The Haugstads, in turn, contend that their objection was only an objection and they did not reject the Martins' offer of judgment.

Montana case law is silent as to what constitutes a rejection of an offer. However, the Restatement (Second) of Contracts § 38(2) (1981), states:

> A manifestation of intention not to accept an offer is a rejection unless the offeree manifests an intention to take it under further advisement.

The offeree can reject an offer with words or conduct. Williston, Contracts 4th ed. § 5:3 (1990). When rejecting an offer the offeree can state that the offer is rejected or the offeree can do an act which justifies an inference by the offeror that the offeree does not intend to accept the offer. 17A Am. Jur. 2d Contracts § 63 (1991).

In this case, the Haugstads objected to the Martins' Rule 68, M.R.Civ.P., offer of judgment as untimely. Although the Haugstads did not specifically reject the offer, the Martins were justified by relying on that objection to conclude that the Haugstads did not intend to accept the offer of judgment. We conclude that the Haugstads rejected the Martins' offer by objecting to the Rule 68, M.R.Civ.P., offer of judgment.

When an offer is rejected, the offeree cannot later accept that offer. See Restatement (Second) of Contracts § 38(1) (1981). The offer no longer exists after it is rejected. See Restatement (Second) of Contracts § 38(1) (1981).

Here, the Haugstads terminated the Martins' offer of judgment

4

by rejecting the offer. The Haugstads could not, as they argue, accept that same offer at a later date because the offer no longer existed. We hold that the District Court correctly concluded that the Haugstads' objection to the Rule 68, M.R.Civ.P., offer of judgment was a rejection of that offer and effectively terminated the offer.

Since this issue is dispositive, we need not discuss the second issue. Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

5