No. 02-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 353

MONTANA FAIR HOUSING, INC.,

        Intervening Plaintiff and Appellant,

    v.

LAVERN AND DOLORES BARNES, d/b/a
TARGET RANGE TRAILER COURT, and
DARRELL TRAVER, Agent,

        Defendants and Respondents.



APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula,
Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            Timothy C. Kelly, Attorney at Law, Emigrant, Montana

            Mary Gallagher, Attorney at Law, Missoula, Montana

        For Respondents:

            Michael Sol, Sol and Wolfe, Missoula, Montana

            Charles K. Hail, Special Assistant Attorney General, Montana Human
Rights Commission, Helena, Montana

Submitted on Briefs:  September 5, 2002

Decided:  December 31, 2002

Filed:

_____
                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Intervening Plaintiff and Appellant, Montana Fair Housing, Inc. (MFH), appeals three orders of the Fourth Judicial District: one denying its request for attorney fees, one denying its motion to vacate the Rule 68, M.R.Civ.P., offer of judgment, and one dismissing the case. We reverse the District Court's denial of MFH's request for attorney fees, and remand the matter for a determination of whether an award of discretionary attorney fees is appropriate. We affirm the District Court's ruling regarding the service provisions of Rule 5(a), M.R.Civ.P., as this issue was raised for the first time on appeal.

¶2 MFH raises the following two issues on appeal:

¶3 1. In making a Rule 68 offer of judgment, must the defendant clearly indicate that attorney fees are included in the offer in order to effect a waiver of plaintiff's rights to recover statutory fees under the Montana Human Rights Act?

¶4 2. Is an intervening plaintiff or a relator in a discrimination case brought by the State pursuant to § 49-2-510, MCA, of the Human Rights Act, entitled to notice under Rule 5(a), M.R.Civ.P., of the final terms and conditions of a settlement agreement and stipulated dismissal between the State and the defendants prior to entry of a final order dismissing the case?

## Background

¶5 MFH is a nonprofit Montana corporation whose primary purpose is to protect and increase equal housing opportunities for persons throughout the State of Montana. In June 1996, MFH filed an administrative complaint with the Montana Human Rights Commission

2

(HRC), a state agency. The complaint alleged that Respondents, Lavern and Dolores Barnes and Darrell Trevor (the Barneses), owners and operators of the Target Range Trailer Court in Missoula, had violated and were violating Montana's Human Rights Act by denying equal housing opportunities to persons based on familial status, age, and marital status.

¶6      After an administrative investigation of the complaint, the HRC issued a final investigative report, finding: (1) that MFH's allegations were supported by substantial evidence, and (2) that there was reasonable cause to believe the Barneses had violated state fair housing laws. After its investigative finding and an unsuccessful effort at conciliation, the HRC issued notice pursuant to § 49-2-510(4), MCA, that a contested case hearing would be held on the MFH complaint, unless any party elected to have the matter heard in a civil action. The Barneses elected to have the matter heard in district court. The HRC then filed the civil action in this case, *Montana Human Rights Commission, ex rel. Montana Fair Housing and Nicole Campbell v. Lavern and Dolores Barnes* (DV 99-88288). Ms. Campbell is a former resident of the Target Range Trailer Court who had also filed a housing discrimination complaint against the Barneses. The HRC also found her discrimination complaint was supported by substantial evidence. Pursuant to § 49-2-510(4)(a), MCA, the District Court granted MFH and Campbell the right to intervene in the case as party-plaintiffs.

¶7      In September 2000, the Barneses served upon MFH an offer of judgment pursuant to Rule 68, M.R.Civ.P. The offer stipulated that judgment would be taken against the Barneses "pursuant to Rule 68 . . . in the amount of Two Thousand Dollars ($2,000) together with

3

costs only that accrued." Later that month, MFH filed an acceptance, advising that it accepted "the offer of [the Barneses] . . . for judgment in favor of [MFH] and against said defendants on its claims in the above entitled case pursuant to defendants' Offer of Judgment."

¶8 Pursuant to Rule 68, judgment was entered against the Barneses on the housing discrimination claims. Following the entry of judgment, MFH moved for designation as a prevailing party and for an award of attorney fees pursuant to the fee shifting provisions of the Human Rights Act. The District Court denied the motion for fees and directed the Barneses to pay HRC the amount offered to MFH in the offer of judgment. As a result, MFH moved to vacate the offer of judgment on grounds that it had not accepted any offer which waived the right to recover attorney fees or, in the alternative, to amend the judgment to correctly reflect that MFH, not the HRC, was to be paid the sums offered, with interest. The District Court denied MFH's motion to vacate; however, it granted the motion to amend the judgment to reflect that MFH was the correct recipient of the sums offered.

¶9 The case proceeded on the claims filed by the HRC on behalf of MFH and Campbell as relators until, pursuant to a settlement and stipulated dismissal between the HRC and the Barneses, the District Court entered a final order of dismissal. Neither the Barneses nor the HRC served notice of their motion for stipulated dismissal on MFH, and the District Court's final order of dismissal itself was not served on MFH until two and a half months later, at MFH's request.

4

¶10 The day after receiving a copy of the final order dismissing the case, MFH filed its notice of appeal of the first order denying its request for attorney fees, the second order denying its motion to vacate the Rule 68 offer of judgment, and the third order dismissing the case.

## Discussion

### I

¶11 In making a Rule 68 offer of judgment, must the defendant clearly indicate that attorney fees are included in the offer in order to effect a waiver of plaintiff's rights to recover statutory fees under the Montana Human Rights Act?

¶12 We review a district court's denial of attorney fees, under the Montana Human Rights Act, to determine whether the court abused its discretion. *See Laudert v. Richland County Sheriff's Dept.*, 2001 MT 287, ¶ 12, 307 Mont. 403, ¶ 12, 38 P.3d 790, ¶ 12. A district court abuses its discretion if its denial is based on an inaccurate view of the law or a finding of fact is clearly erroneous. *See Laudert*, ¶ 12; *Ihler v. Chisholm*, 2000 MT 37, ¶ 24, 298 Mont. 254, ¶ 24, 995 P.2d 439, ¶ 24.

¶13 Whether a Rule 68 offer of judgment must explicitly state that attorney fees are included in order to effect a waiver of plaintiff's rights to recover statutory fees is matter of first impression for this Court. MFH argues that, as the prevailing party, it is entitled to seek discretionary attorney fees under three sections of the Human Rights Act, namely §§ 49-2-505(7), 49-2-509(6), and 49-2-510(6), MCA, and that it did not waive its right to seek these fees by accepting the Rule 68 offer of judgment. The District Court, in denying MFH's

5

motion to seek attorney fees, concluded that the acceptance of the Rule 68 offer of judgment "resolved all issues between the parties," including a claim for attorney fees under the Human Rights Act.

¶14    MFH maintains that the District Court erred in concluding that in accepting the Rule 68 offer of judgment, which was silent as to the accepting party's waiver of the right to seek attorney fees, MFH waived its right to seek a separate award of attorney fees. MFH argues that such a waiver must be clearly and unambiguously set out in an offer of judgment.

¶15    The basic purpose of Rule 68 is to encourage settlement and avoid protracted litigation. *See Weston v. Kuntz* (1981), 194 Mont. 52, 57, 635 P.2d 269, 272. As we noted in *Weston*, "[t]he rule also attempts to alleviate the burden of subsequently accrued costs to the defendant by placing them on a plaintiff who refuses to accept a good faith offer and subsequently receives a judgment which is not greater than the offer." *Weston*, 194 Mont. at 57, 635 P.2d at 272. In this case, the question is: "What was the offer?" MFH urges this Court to conclude that the offer did not include a waiver of its right to seek attorney fees, while the Barneses, naturally, argue the opposite.

¶16    In support of its contention that the offer did not include a waiver, MFH directs us to the holding in *Nusom v. COMH Woodburn, Inc.* (9th Cir. 1997), 122 F.3d 830. In *Nusom*, the Ninth Circuit Court of Appeals ruled that "a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of the costs." *Nusom*, 122 F.3d at 835. The *Nusom* court concluded that, in a Rule 68 offer of judgment,

6

"any waiver or limitation must be clear and unambiguous" with respect to attorney fees. *Nusom*, 122 F.3d at 833.

¶17    MFH maintains that an ambiguous offer of judgment may spawn additional litigation, thereby defeating the intended purpose of Rule 68. The case at bar is a case in point. Additionally, MFH argues that an ambiguous offer may put a court in the unenviable position of deciphering the intentions of the parties at the time they entered into the offer, again increasing litigation. The Barneses, on the other hand, contend that MFH's argument attempts to rewrite Rule 68 and claims that MFH's acceptance letter was so "broad and all-encompassing" that the acceptance itself proscribes a request for attorney fees. These assertions are not supported by any case law.

¶18    It is in the interests of both the offeror and the offeree that a Rule 68 offer of judgment must be clear and unambiguous, in order to effect a waiver of attorney fees. Today's ruling minimizes litigation over the offer of judgment itself. While we hold that a waiver of attorney fees in a Rule 68 offer of judgment must be clear and unambiguous, the offer itself need not include the words "attorney fees" to effect a waiver. We look to the decision of the Seventh Circuit in *Nordby v. Anchor Hocking Packaging Co.* (7th Cir. 1999), 199 F.3d 390, which offers this measured approach. In *Nordby*, Chief Judge Posner affirmed that "ambiguities in Rule 68 offers are to be resolved against the offerors;" however, he rejected the "magic-words approach . . . in favor of an approach . . . that gives effect to an unambiguous offer even if it does not mention attorneys fees explicitly." *Nordby*, 199 F.3d at 393. The offer of judgment in *Nordby* provided "one total sum as to <u>all counts</u> of the

7

amended complaint." *Nordby*, 199 F.3d at 392. Because the offer was clear that it included all counts, including a count specifying attorney fees as part of the relief sought, the court affirmed the Federal District Court's denial of the accepting party's right to request attorney fees.

¶19 In this case, the Barneses offered MFH "Two Thousand Dollars ($2,000) together with costs only accrued." The offer on its face includes costs, but it is not clear whether attorney fees are included. Attorney fees are not included as "costs generally allowable." *See* § 25-10-201, MCA. The offer does not state that the sum to be paid is consideration for the resolution of all counts. Therefore, it is ambiguous whether MFH, by accepting the offer, waived its right to recover attorney fees. Accordingly, we conclude that the Barneses' offer of judgment did not include a waiver of attorney fees.

¶20 Because the Rule 68 offer of judgment was not clear and unambiguous that MFH was waiving its right to seek attorney fees, we hold that the District Court abused its discretion in denying MFH's request to seek attorney fees under the Human Rights Act. Therefore, we reverse and remand the matter to the District Court for a determination of whether to award MFH discretionary attorney fees under the Human Rights Act.

II

¶21 Is an intervening plaintiff or a relator in a discrimination case brought by the State pursuant to § 49-2-510, MCA, of the Human Rights Act, entitled to notice under Rule 5(a), M.R.Civ.P., of the final terms and conditions of a settlement agreement and stipulated

8

dismissal between the State and the defendants prior to entry of a final order dismissing the case?

¶22 At some point after MFH accepted the Rule 68 offer of judgment, the Barneses entered into a settlement agreement with HRC, which stipulated to the dismissal of the case. The final order of dismissal was entered into on January 30, 2002; however, MFH was not notified of the settlement between the HRC and the Barneses and the subsequent dismissal of the case until two and a half months later. Therefore, MFH argues that it did not have an opportunity to review or oppose the executed settlement agreement between HRC and the Barneses or the stipulated dismissal. MFH contends that this lack of notice denied it its fundamental right to due process. Consequently, MFH asks this Court to vacate the final order of dismissal and remand it to District Court for the purpose of providing notice to MFH in accordance with the service provisions of Rule 5(a), M.R.Civ.P. In turn, MFH requests that it be afforded the opportunity to object to the entry of a final order of dismissal.

¶23 MFH received notice of the final order of dismissal on April 14, 2002. Rather than filing the subsequent notice of appeal with this Court, MFH should have filed a motion with the District Court so that the court could address the issue of lack of notice. As it stands, though, MFH raised this issue for the first time on appeal.

¶24 The general rule is that this Court will not address an issue raised for the first time on appeal. *See Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15; *Day v. Payne* (1996), 280 Mont. 273, 276, 929 P.2d 864, 866. "The basis for the general rule is that 'it is fundamentally unfair to fault the trial court for failing to rule

9

correctly on an issue it was never given the opportunity to consider.'" *Unified Industries, Inc.*, ¶ 15 (quoting *Day*, 280 Mont. at 276-77, 929 P.2d at 866).

¶25    In conclusion, we reverse the District Court's denial of MFH's right to seek attorney fees and remand this issue to the District Court for a determination of whether an award of attorney fees is appropriate.   As the second issue was not brought before the District Court, we decline to address it on appeal.

_W. William Leaphart_
Justice

We concur:

_Patricia Cotter_

_____

_____

Justices

Justice Terry N. Trieweiler specially concurs.

¶26 I concur with the result of the majority Opinion. However, I do not agree with all that is said in that Opinion.

¶27 Finding virtue in certainty and nothing inherently beneficial about a "measured approach" that provides no future guidance to litigants, I would follow the precedent of the 9th Circuit Court of Appeals in *Nusom v. COMH Woodburn, Inc.* (9th Cir. 1997), 122 F.3d 830, rather than the 7th Circuit's approach in *Nordby v. Anchor Hocking Packaging Co.* (7th Cir. 1999), 199 F.3d 390.

¶28 In *Nusom*, the 9th Circuit held that:

> [A] Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs.

*Nusom*, 122 F.3d at 835.

¶29 That is a rule that anyone can understand.

¶30 On the other hand, the 7th Circuit held in *Nordby* that:

> [T]he appropriate adjustment is to insist that the Rule 68 offer be completely unambiguous, not that it use the magic words "attorneys' fees."

*Nordy*, 199 F.3d at 392.

¶31 Insisting that Rule 68 offers be completely unambiguous and then deciding on a case-by-case basis whether an offer is or is not unambiguous does not serve anyone's interest. No one would ever make a Rule 68 offer that he or she thought was ambiguous in the first place. Furthermore, the ambiguous rule established in *Nordby* ignores the prior admonition in the

11

same case regarding the importance of certainty in Rule 68 offers. That court correctly stated that:

> We add that an ambiguous offer places the plaintiff in an uncomfortable position. Not knowing the actual value of the offer, he can't make an intelligent choice whether to accept it--and there are consequences either way. For unlike the case of an ordinary contract offer, the offeree cannot reject it without legal consequences, since if he rejects it and then doesn't do better at trial he has to pay the defendant's post-offer costs. [Citation omitted.]

*Nordby*, 199 F.3d at 392.

¶32 Because the Defendant's offer was silent regarding waiver of attorney fees which were statutorily authorized to a prevailing claimant and because I concur that it is in the interests of the offeror and offeree that a Rule 68 offer of judgment be clear and unambiguous in order to effect a waiver of attorney fees, I concur with the majority's conclusion that MFH did not waive its claim for attorney fees which was independent of statutory costs and its decision to reverse the District Court. However, I disagree that a Rule 68 offer of judgment can be clear and unambiguous regarding an independent statutory claim for attorney fees without referring to "attorney fees" in the offer.

_____
Justice

12

Justice Jim Rice concurring in part and dissenting in part.

¶33 Concurring on Issue 2, I dissent from the Court's holding on Issue 1. I agree with the holding in *Nusom* that attorney fees must be addressed unambiguously within Rule 68 judgments in order to resolve the issue. However, I do not believe ambiguity existed here. MFH's acceptance indicated that all of its claims were resolved by the Barneses' offer of judgment, which necessarily included its express claim for attorney fees.

¶34 Like the Court, I find the reasoning in *Nordby* persuasive, but, contrary to the Court, I would reach the same result as the *Nordby* court did. In *Nordby*, language similar to that used here was found to have encompassed the plaintiff's claim for attorney fees. I do not find it necessary, for purposes of this case, to distinguish *Nordby* on the grounds that the language there was used by the party making the offer, while the similar language here was used by the party accepting the offer. To the extent that the attorney fee issue was ambiguous within the Barneses' offer, the issue was clarified by MFH's acceptance, and confirmed by the parties' subsequent actions in accordance therewith.

¶35 I find no fault with the District Court's ruling, and would affirm.

_____
Justice

13