

DA 13-0095

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 339N

GEQ CORPORATION,

       Plaintiff Intervenor and Appellant,

  v.

MONTANA STATE DEPARTMENT OF TRANSPORTATION,

       Defendant and Appellee,

  and

ANDY and LESLEY ROBINSON d/b/a A&L Robinson, INC.,
a Montana Corporation,

       Plaintiffs and Appellees.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                In and For the County of Ravalli, Cause No. DV 11-237
                Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Susan Callaghan, Tyler Gernant; Callaghan & Gernant, PC;
           Butte, Montana

      For Appellees:

           Jolyn E. Eggart, David L. Ohler, Valerie D. Wilson; Special Assistant
           Attorneys General; Helena, Montana (for Montana Department of
           Transportation)

           Wade J. Dahood, Michelle Sievers; Knight, Dahood, Sievers & Dahood;
           Anaconda, Montana (for Robinsons)

Submitted on Briefs:  September 11, 2013
Decided:  November 12, 2013

Filed:

_____
                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 GEQ Corporation (GEQ) appeals the order of the Twenty-First Judicial District Court, Ravalli County, denying its request to be awarded proceeds of a judgment obtained under a M. R. Civ. P. 68 offer of judgment. The sole issue on appeal is whether the District Court erred in denying GEQ's claim to the Rule 68 judgment proceeds. We affirm.

¶3 The underlying suit arose over a small strip of land adjoining the west side of Highway 93 in Victor, Montana. GEQ developed and began operating a convenience store and gas station on the property in 1992. Two years later, Andy and Lesley Robinson (Robinsons) purchased the property from GEQ under a contract for deed. In 2011, a Montana Department of Transportation (MDT) project widening Highway 93 resulted in a customer parking area for the subject property becoming a portion of the highway.

¶4 Seeking damages for the loss of the property, the Robinsons filed an inverse condemnation complaint against MDT on April 6, 2011. On June 15, 2011, GEQ filed a motion to intervene as a party-plaintiff on the grounds that the Robinsons were in default

3

under the contract for deed and that GEQ, as legal owner of the property, was entitled to any proceeds that the Robinsons might receive as a result of their inverse condemnation claim. The District Court granted the motion to intervene.

¶5    MDT and the Robinsons proceeded to litigate the case without GEQ's further involvement. MDT and the Robinsons conducted discovery and disclosed experts. Eventually, both parties filed motions for summary judgment with supporting briefs and materials. Facing what it considered "outrageous" litigation costs, MDT submitted an offer of judgment to the Robinsons pursuant to Rule 68 on June 21, 2012. MDT offered $151,500 "for settlement of all claims the Plaintiffs have asserted in this matter or could assert . . . ." The offer, which was served on both the Robinsons and GEQ, included "compensation for the alleged taking, plus depreciation, if any, to the remainder in this matter and interest," together with costs and necessary litigation expenses, "including attorney fees, expert fees, litigation expenses and interest, if any." The Robinsons accepted the offer, and GEQ then filed a notice of lien against the judgment. The District Court entered the judgment against MDT and set a hearing to determine the proper recipient of the funds.

¶6    The District Court denied GEQ's request for the judgment proceeds in an amended order entered on October 30, 2012.[1] The court's determination turned on its conclusion that the offer of judgment and its acceptance constituted a settlement of the case and

---

[1] Following its determination that the Robinsons were entitled to the proceeds, the District Court granted GEQ leave to file any complaint it may have against MDT within twenty days. The amended order struck this provision on the court's conclusion that GEQ was not entitled to file a new complaint directly against MDT; GEQ does not appeal this determination.

4

could not be considered compensation for the taking of GEQ's property. Because MDT did not admit liability for any alleged taking and the court did not determine that a taking existed, the court considered the proceeds to be nothing more than settlement proceeds to which GEQ, as a non-party to the settlement, was not entitled.

¶7     On appeal, GEQ argues that the District Court erred in its interpretation of a Rule 68 offer of judgment. Because the District Court's ruling relied on a legal interpretation, we review its determination de novo. *Peterson v. St. Paul Fire & Marine Ins. Co.*, 2010 MT 187, ¶ 45, 357 Mont. 293, 239 P.3d 904.

¶8     GEQ contends that a judgment entered pursuant to Rule 68 functions as an adjudication on the merits, distinguishing its proceeds from mere settlement proceeds. GEQ argues that, as the owner of the property in question, it is the only party entitled to compensation for the loss under Article II, Section 29, of the Montana Constitution. It asserts that whether MDT admitted liability for a taking is irrelevant to the legal effect of the judgment. MDT filed a short Appellee's Brief, stating that it takes no position on the disposition of the funds.

¶9     It is true that a judgment entered under Rule 68 acts as adjudication on the merits for purposes of mooting any issue of liability in the same case. *Weston v. Kuntz*, 194 Mont. 52, 58, 635 P.2d 269, 273 (1981) ("[The] effect [of a Rule 68 offer], if the offer is accepted, is to render the issue of liability moot."). It does not automatically follow, however, that GEQ is entitled to the Rule 68 judgment proceeds. We previously have recognized that an offer of judgment under Rule 68 "does not necessarily constitute an

5

admission of liability; instead, whether an offer amounts to such an admission is a function of the actual language itself."[2] *Peterson*, ¶ 49.

¶10 The language of the offer makes clear that it was made as a settlement between MDT and the Robinsons for the claims "the Plaintiffs have asserted in this matter or could assert . . . ," including their "necessary and reasonable costs of litigation." MDT adamantly denied liability and expressed that it made the settlement offer to avoid ongoing litigation costs. This is consistent with the "basic purpose" of Rule 68, which "is to encourage settlement and avoid protracted litigation." *Weston*, 194 Mont. at 57, 635 P.2d at 272. Although the offer also included compensation for "any alleged taking," there was no valuation of the property or any breakdown of what portion of the $151,500 constituted compensation for the alleged taking. Much of the settlement appears to be directed at litigation expenses, which were incurred only by the Robinsons.

¶11 GEQ did not participate in the litigation in any meaningful way and has failed to prove that any portion of the judgment proceeds at issue constitutes compensation for the property within the meaning of Article II, Section 29. Instead, the offer of judgment and the acceptance of that offer resulted in a settlement agreement between MDT and the Robinsons. Awarding GEQ the proceeds would be puzzling, considering that the agreement compensated the Robinsons for their litigation costs and attorney's fees in exchange for dropping their claims against MDT.

---

[2] Although *Peterson* dealt with F. R. Civ. P. 68, the Federal Rule mirrors Montana's and was first adopted, in part, from Montana. *See* F. R. Civ. P. 68, advisory comm. nn. (1937); 4 Mont. Rev. Codes Ann. § 9770 (1935).

¶12     GEQ asserts in its reply brief that if MDT paid the wrong party, it may be subject to paying the proceeds twice. We decline to address this argument because it was raised for the first time in GEQ's reply brief. *State v. Sattler*, 1998 MT 57, ¶ 47, 288 Mont. 79, 956 P.2d 54; M. R. App. P. 23(c).

¶13     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Absent an admission of liability or any indication that the judgment proceeds acted as compensation for a taking of its property, GEQ's argument that it is entitled to the entirety of the settlement amount is unpersuasive. We are not convinced that the District Court erred in its application of Rule 68 to the judgment proceeds in this case.

¶14     Affirmed.


                                        /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE